M. SMITH, Circuit Judge,
dissenting.
I would hold that Petitioner was not denied his right to due process. The majority concludes that “had the IJ granted Petitioner a full hearing, the affidavit problem could have easily been solved” and that, “had the IJ permitted the hearing to continue, Petitioner and his family members may have been able to address the missing medical forms to the IJ’s satisfaction.” However, the final hearing was not the first time that the IJ notified Petitioner of his obligation to provide the I-864 Form affidavit of support and other documents. The IJ told Petitioner about the required affidavit in March 1999, over four years before the final hearing in October 2003. The IJ further warned Petitioner that if he failed to provide the requisite documentation at the next hearing further continuances were unlikely. In addition, Petitioner’s case had previously been continued, at his request, more than ten times over more than five years. As a result, Petitioner had several opportunities to comply with the regulations well before the IJ cut short the October 2003 hearing. Petitioner was certainly not “prevented from reasonably presenting his case,” Ibarra-Flores v. Gonzales, 439 F.3d 614, 620 (9th Cir.2006); cf. id. at 621 (finding due process violation where immigration judge refused to order government to produce document potentially critical to alien’s cancellation of removal petition).
Here, it was the Petitioner alone who, despite having several opportunities to do so, failed to produce the required documentation. Under these circumstances, I believe that my colleagues are in error in granting Petitioner relief on due process grounds. I respectfully dissent.